**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000602
23-FEB-2015
10:56 AM**

NO. CAAP-12-0000602

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EDDY A. ABORDO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-11-082314)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Eddy A. Abordo (Abordo) by complaint with Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (OVLPSR-OVUII) as a repeat offender, in violation of Hawaii Revised Statutes (HRS) § 291E-62 (Supp. 2014).[1] The original complaint did not allege a mens rea for the

---

[1] HRS § 291E-62 provides in relevant part:

    (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

         (1)   In violation of any restrictions placed on the person's license; [or]

(continued...)

OVLPSR-OVUII offense. Prior to trial, over Abordo's objection, the District Court of the First Circuit (District Court)[2] granted the State's motion to amend the original complaint to allege the required mens rea of "intentionally, knowingly, or recklessly" for the OVLPSR-OVUII offense. The State then filed an amended complaint which alleged the required mens rea.

After a bench trial, Abordo was found guilty of OVLPSR-OVUII as a repeat offender.[3] The District Court sentenced Abordo to thirty days in jail, imposed a $1,000 fine and other fees and assessments, and revoked his driver's license for two years. The District Court entered its Judgment on May 30, 2012, and this appeal followed.

---

[1] (...continued)
      (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

    . . . .

    (b) Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

    . . . .

      (2)    For an offense that occurs within five years of a prior conviction for an offense under this section, section 291E-66, or section 291-4.5 as that section was in effect on December 31, 2001:

          (A)    Thirty days imprisonment;

          (B)    A $1,000 fine;

          (C)    Revocation of license and privilege to operate a vehicle for an additional two years; and

          (D)    Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable[.]

[2] The Honorable Linda K.C. Luke presided.

[3] The District Court also found that Abordo had committed the traffic infraction of improperly driving in a high occupancy vehicle lane, in violation of HRS § 291C-222 (2007). Abordo does not challenge the District Court's Judgment as to this traffic infraction, and we will not further discuss it.

On appeal, Abordo contends that: (1) the original complaint was defective for failing to allege the requisite mens rea and the District Court lacked jurisdiction to grant the State's motion to amend the original complaint to cure this defect; (2) the District Court erred in finding Abordo guilty of OVLPSR-OVUII because its verdict was improperly based on the preponderance of the evidence standard; (3) the District Court violated his right of confrontation in admitting Exhibit 1, a letter signed by Ricky S. Akase, a custodian of government driving and licensing records, regarding Abordo's driver's license status; (4) the District Court erred in admitting Exhibit 3, an Administrative Driver's License Revocation Office "Notice of Administrative Review Decision" (ADLRO Notice), and Exhibit 4, a traffic abstract, because they were irrelevant; and (5) there was insufficient evidence to support Abordo's conviction.

As explained below, we vacate Abordo's OVLPSR-OVUII conviction because the District Court misstated the standard of proof in finding Abordo guilty, and we remand the case for a new trial on the OVLPSR-OVUII charge.

I.

We resolve the arguments Abordo raises on appeal as follows:

A.

The original complaint against Abordo was defective for failing to allege the requisite intentional, knowing, or reckless mens rea. However, the District Court had jurisdiction to permit the State to amend the original complaint to cure this defect, and the District Court properly granted the State's motion to amend the original complaint. State v. Kam, 134 Hawai'i 280, 286-87, 339 P.3d 1081, 1087-88 (App. 2014). The amended complaint was sufficient, and the District Court correctly proceeded to trial on the amended complaint.

B.

Abordo argues that the District Court improperly relied on the preponderance of the evidence standard in finding him

3

guilty of OVLPSR-OVUII. The District Court stated that it was finding Abordo guilty "after full consideration of the evidence by a preponderance of the credible substantial evidence[.]" The State was required to prove Abordo's guilt beyond a reasonable doubt. In light of the District Court's misstatement of the applicable standard of proof, we vacate Abordo's OVLPSR-OVUII conviction.[4]

C.

We now address Abordo's challenge to the admissibility of Exhibits 1, 3, and 4 and his sufficiency of evidence claim to determine whether he can be retried on the OVLPSR-OVUII charge.

1.

Exhibit 1 is a letter signed by Ricky S. Akase, as custodian of records for the Driver License Section, in which he certifies that the records of the Driver License Section indicate that Abordo did not have a valid Hawaiʻi driver's license on the "VIOLATION DATE[.]" We agree with Abordo that Akase's letter is testimonial and that based on Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), the admission of the letter in lieu of testimony by Akase violated Abordo's confrontation rights. State v. Souleng, --- P.3d ---, No. CAAP-12-0000196, 2015 WL 291341, at *4, 6-7 (Hawaiʻi App. Jan. 22, 2015). Based on Souleng, we conclude that the District Court erred in admitting Exhibit 1.

2.

We reject Abordo's argument that the District Court erred in admitting Exhibits 3 and 4 because they were irrelevant. Abordo claims these exhibits were irrelevant because the State failed to show that Exhibits 3 and 4 pertained to him. We disagree. Exhibit 4, the traffic abstract, references "Case ID:

_____

[4] We note that after Abordo filed his notice of appeal, the District Court entered findings of fact and conclusion of law that correctly stated and applied the beyond a reasonable doubt standard of proof. However, both parties agree that the District Court lacked jurisdiction to enter the findings of fact and conclusions of law after the notice of appeal was filed. Accordingly, we do not consider the findings of fact and conclusions of law in rendering our decision.

1DTC-11-082314 -- State v. Eddy A. Abordo," which is the instant case, and is the traffic abstract for "Abordo, Eddy Mark," who (based on the trial testimony of police officers who issued citations to Abordo) has the same date of birth and social security number as Abordo. Exhibit 4 also references the information contained in Exhibit 3, the ADLRO Notice for "Abordo, Eddy Mark," who according to Exhibit 3 has the same social security number as Abordo. We conclude that there was sufficient evidence to show that Exhibits 3 and 4 pertained to Abordo. We further conclude that these exhibits were relevant to show Abordo's prior driver's license revocations related to operating a vehicle under the influence of an intoxicant (OVUII) and his prior conviction for OVLPSR-OVUII.

3.

We also conclude that, excluding consideration of Exhibit 1, there was sufficient evidence to support Abordo's conviction for OVLPSR-OVUII as a repeat offender. The evidence (aside from Exhibit 1) showed that the ADLRO administratively revoked Abordo's driver's license for life in 1992; that he was cited on June 28, 2007, and he pleaded no contest and was convicted of OVLPSR-OVUII in Case No. 1DTC-07-037873 on January 30, 2008; that he signed the Judgment in Case No. 1DTC-07-037873 that was filed on January 30, 2008; and that when Abordo was stopped by a police officer in the instant case on December 7, 2011, he was unable to produce a driver's license and told the officer he did not have a license. We conclude that there was sufficient evidence to support Abordo's conviction for OVLPSR-OVUII as a repeat offender, including sufficient evidence to show that he acted with a reckless state of mind regarding whether his license remained revoked for an OVUII-related revocation on the date of the charged OVLPSR-OVUII offense. See State v. Pantoja, 89 Hawai'i 492, 495-96, 974 P.2d 1082, 1085-86 (App. 1999); State v. Davis, 133 Hawai'i 102, 122, 324 P.3d 912, 932 (2014); State v. Lioen, 106 Hawai'i 123, 130-32, 102 P.3d 367, 374-76 (App. 2004).

5

II.

For the foregoing reasons, we vacate the District Court's May 30, 2012, Judgment with respect to Abordo's conviction for OVLPSR-OVUII, and we remand the case for a new trial on the OVLPSR-OVUII charge.

DATED: Honolulu, Hawai'i, February 23, 2015.


Lianne M. Aoki
Deputy Public Defender
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*Jim Mc

 Ming*
Associate Judge

6